1  Benjamin E. Hall       #219924
   Mark D. Kruthers      #179750
2  Nathan W. Powell      #232516
   **DOWLING, AARON & KEELER, INC.**
3  8080 North Palm Avenue, Third Floor
   P.O. Box 28902
4  Fresno, California 93729-8902
   Tel: (559) 432-4500
5  Fax: (559) 432-4590

6

7  Attorneys for Defendant TYBRIN CORPORATION

8

9              UNITED STATES DISTRICT COURT

10            EASTERN DISTRICT OF CALIFORNIA

11

12  LARRY TAMAKLO, an individual          Case No. 1:06-CV-00334-AWI-SMS

13              Plaintiff,                **STIPULATED PROTECTIVE ORDER**

14  v.

15  TYBRIN    CORPORATION,    a    Florida
    corporation,  and  DOES  1  THROUGH  10,
16  inclusive,

17              Defendant.

18          Plaintiff LARRY TAMAKLO ("Plaintiff") has requested Defendant TYBRIN

19  CORPORATION ("Defendant"), supply certain information and produce certain documents,

20  some of which are considered proprietary, and some of which divulge names and information

21  about persons who are not parties to this action.  Defendant objects to these requests on the

22  following grounds: (1) the requests seek information which may be confidential, proprietary or

23  trade secret; and (2) the requests call for information that may be confidential or personal to

24  other persons hired by Defendant and release of this information would constitute an invasion

25  of such persons' right of privacy.

26          Nevertheless, Defendant agrees to make available the requested information and

27  documents provided Plaintiff first executes the following Stipulated Protective Order.   For the

28  purpose of this Stipulated Protective Order, the information requested by Plaintiff is hereinafter


Dowling,
Aaron &
Keeler
INCORPORATED
8080 N. Palm Avenue
Third Floor
Fresno, California 93711

STIPULATED PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com

1    referred to as "confidential."

2                                **STIPULATION**

3           IT IS HEREBY STIPULATED between the parties, through their respective

4    counsel, as follows:

5           1.      <u>Nondisclosure of Stamped Confidential Documents</u>.   Except with the

6    prior written consent of Defendants, or as hereinafter provided under this Stipulated Protective

7    Order, no stamped confidential document, or information contained in said documents, may be

8    disclosed, to any person.     Stamping of the legend "CONFIDENTIAL" on the cover of any

9    multi-page document shall designate all pages of the document as confidential, unless

10   otherwise indicated by the producing party.

11          2.      <u>Permissible Disclosures</u>.     Notwithstanding paragraph number one

12   (above), stamped confidential documents may be disclosed to counsel for the parties in this

13   action who are actively engaged in the conduct of this litigation; to the partners, associates,

14   secretaries, paralegals, assistants, consultants, independent contractor investigators and

15   employees to the extent reasonably necessary to render professional services in the litigation; to

16   persons with prior knowledge of the documents or the confidential information contained

17   therein, and their agents; and to mediators or arbitrators selected by the parties; and to court

18   reporters or persons operating video recording equipment at depositions.   Such documents may

19   also be disclosed:

20          (a)     To any person designated by a mediator or arbitrator in the interest of

21   justice, upon such terms as the mediator or arbitrator may deem proper; and

22          (b)     To consultants and experts used by the attorneys in preparation of the

23   case.

24          3.      <u>Confidential Information in Depositions</u>.   Parties (and deponents) may,

25   within 15 days after receiving a deposition transcript, <u>or</u> three days prior to the commencement

26   of trial, whichever is sooner, designate pages of the transcript, and exhibits thereto, as

27   confidential.   Confidential information within the deposition transcript may be designated by

28   underlining the portions of the pages that are confidential and marking such pages with the


Dowling
Aaron
Keeler
INCORPORATED
8080 N. Palm Avenue
Third Floor
Fresno, California 93711

                                    2
                        STIPULATED PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com

legend "confidential."  Until expiration of the above-referenced period, the entire deposition will be treated as subject to protection against disclosure under this Stipulated Protective Order. If no party or deponent timely designates confidential information in a deposition, then none of the transcript or its exhibits will be treated as confidential; if a timely designation is made, the confidential portions and exhibits shall be filed under seal separate from the portions and exhibits not so marked.  If confidential information must be disclosed during the course of a deposition, a party may exclude from the deposition all persons who are not entitled under this Stipulated Protective Order to obtain such information.  The exclusion shall last only so long as confidential information is being disclosed in the deposition.

4.    Confidential Information at Trial.  Subject to the California Evidence Code, stamped confidential documents and other confidential information may be offered in evidence at Trial subject to any objections asserted by the parties.  Any party may move for an order that the evidence be received under conditions to prevent unnecessary disclosure.  The judge will then determine whether the proffered evidence should continue to be treated as confidential information, and, if so, what protection, if any, may be afforded to such information.

5.    Client Consultation.  Nothing in this Stipulated Protective Order shall prevent or otherwise restrict counsel from rendering advice to their client, and, in the course thereof relying generally on examination of stamped confidential documents.

6.    Use.  Persons obtaining access to stamped confidential documents under this Stipulated Protective Order shall use the information only for preparation and mediation or arbitration of this litigation, and shall not use this information for any other purpose, including business, governmental, personal, commercial or administrative or judicial proceedings.

7.    Non-Termination.  The provisions of this Stipulated Protective Order shall not terminate at the conclusion of this action.  Within 120 days after final conclusion of all aspects of this litigation, stamped confidential documents and all copies of same (other than exhibits of record) shall be returned to the party or person who produced such documents.  All counsel of record shall make certification of compliance herewith and shall deliver the same to


Dowling
Aaron
& Keeler
INCORPORATED
8080 N. Palm Avenue
Third Floor
Fresno, California  93711

3

PDF created with pdfFactory trial version www.pdffactory.com

counsel for the party who produced the documents not more than 150 days after final termination of this litigation.

8.    <u>Modification Permitted.</u>   Nothing in this Stipulated Protective Order shall prevent any party or other person from seeking modification of this Stipulated Protective Order or from objecting to discovery that is believed to be otherwise improper.

9.    <u>Responsibility of Attorneys.</u>   The attorneys of record are responsible for employing reasonable measures to control, consistent with this Stipulated Protective Order, duplication of, access to, and distribution of copies of stamped confidential documents.  Parties shall not duplicate any stamped confidential document except copies to be used at deposition, mediation or arbitration, and/or investigations.

10.    <u>Stipulation Governs.</u>   The Stipulated Protective Order shall be deemed entered as of the date on which counsel have signed below.  The parties agree to treat all confidential documents and information produced herein as if the Stipulated Protective Order had been entered as of the date of which counsel have signed below.

SO STIPULATED:

Dated:    November 14, 2006.          DOWLING, AARON & KEELER INC.


By: /s/ Benjamin E. Hall
      BENJAMIN E. HALL
      Attorneys for Defendant TYBRIN
      CORPORATION

Dated:    October 31, 2006.          REHWALD, RAMESON, GLASNER &
                                     CHALEFF


By: /s/ Lawrence M. Glasner
      LAWRENCE M. GLASNER
      Attorneys for Plaintiff LARRY TAMAKLO

SO ORDERED.

Dated:  11/28/2006          /s/ Sandra M. Snyder

U.S. MAGISTRATE JUDGE SANDRA M. SNYDER

Dowling
Aaron
&Keeler
INCORPORATED
8080 N. Palm Avenue
Third Floor
Fresno, California 93711

STIPULATED PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com

1  Benjamin E. Hall        #219924
   Mark D. Kruthers        #179750
2  Nathan W. Powell        #232516
   **DOWLING, AARON & KEELER, INC.**
3  8080 North Palm Avenue, Third Floor
   P.O. Box 28902
4  Fresno, California 93729-8902
   Tel: (559) 432-4500
5  Fax: (559) 432-4590

6

7  Attorneys for Defendant TYBRIN CORPORATION

8

9              UNITED STATES DISTRICT COURT

10            EASTERN DISTRICT OF CALIFORNIA

11

12  LARRY TAMAKLO, an individual        Case No. 1:06-CV-00334-AWI-SMS

13              Plaintiff,              **STIPULATED PROTECTIVE ORDER**

14  v.

15  TYBRIN    CORPORATION,    a    Florida
    corporation,   and   DOES   1   THROUGH   10,
16  inclusive,

17              Defendant.

18          Plaintiff LARRY TAMAKLO ("Plaintiff") has requested Defendant TYBRIN

19  CORPORATION ("Defendant"), supply certain information and produce certain documents,

20  some of which are considered proprietary, and some of which divulge names and information

21  about persons who are not parties to this action.  Defendant objects to these requests on the

22  following grounds: (1) the requests seek information which may be confidential, proprietary or

23  trade secret; and (2) the requests call for information that may be confidential or personal to

24  other persons hired by Defendant and release of this information would constitute an invasion

25  of such persons' right of privacy.

26          Nevertheless, Defendant agrees to make available the requested information and

27  documents provided Plaintiff first executes the following Stipulated Protective Order.   For the

28  purpose of this Stipulated Protective Order, the information requested by Plaintiff is hereinafter


Dowling,
Aaron
&Keeler
INCORPORATED
8080 N. Palm Avenue
Third Floor
Fresno, California  93711

PDF created with pdfFactory trial version www.pdffactory.com

1  referred to as "confidential."

2  <u>**STIPULATION**</u>

3  IT IS HEREBY STIPULATED between the parties, through their respective

4  counsel, as follows:

5  1.  <u>Nondisclosure of Stamped Confidential Documents</u>.  Except with the

6  prior written consent of Defendants, or as hereinafter provided under this Stipulated Protective

7  Order, no stamped confidential document, or information contained in said documents, may be

8  disclosed, to any person.    Stamping of the legend "CONFIDENTIAL" on the cover of any

9  multi-page document shall designate all pages of the document as confidential, unless

10  otherwise indicated by the producing party.

11  2.  <u>Permissible Disclosures</u>.    Notwithstanding paragraph number one

12  (above), stamped confidential documents may be disclosed to counsel for the parties in this

13  action who are actively engaged in the conduct of this litigation; to the partners, associates,

14  secretaries, paralegals, assistants, consultants, independent contractor investigators and

15  employees to the extent reasonably necessary to render professional services in the litigation; to

16  persons with prior knowledge of the documents or the confidential information contained

17  therein, and their agents; and to mediators or arbitrators selected by the parties; and to court

18  reporters or persons operating video recording equipment at depositions.  Such documents may

19  also be disclosed:

20  (a)  To any person designated by a mediator or arbitrator in the interest of

21  justice, upon such terms as the mediator or arbitrator may deem proper; and

22  (b)  To consultants and experts used by the attorneys in preparation of the

23  case.

24  3.  <u>Confidential Information in Depositions</u>.  Parties (and deponents) may,

25  within 15 days after receiving a deposition transcript, <u>or</u> three days prior to the commencement

26  of trial, whichever is sooner, designate pages of the transcript, and exhibits thereto, as

27  confidential.  Confidential information within the deposition transcript may be designated by

28  underlining the portions of the pages that are confidential and marking such pages with the



Dowling
Aaron
&Keeler
INCORPORATED
8080 N. Palm Avenue
Third Floor
Fresno, California 93711

2

PDF created with pdfFactory trial version www.pdffactory.com

legend "confidential." Until expiration of the above-referenced period, the entire deposition will be treated as subject to protection against disclosure under this Stipulated Protective Order. If no party or deponent timely designates confidential information in a deposition, then none of the transcript or its exhibits will be treated as confidential; if a timely designation is made, the confidential portions and exhibits shall be filed under seal separate from the portions and exhibits not so marked. If confidential information must be disclosed during the course of a deposition, a party may exclude from the deposition all persons who are not entitled under this Stipulated Protective Order to obtain such information. The exclusion shall last only so long as confidential information is being disclosed in the deposition.

4. <u>Confidential Information at Trial</u>. Subject to the California Evidence Code, stamped confidential documents and other confidential information may be offered in evidence at Trial <u>subject to any objections asserted by the parties</u>. Any party may move for an order that the evidence be received under conditions to prevent unnecessary disclosure. The judge will then determine whether the proffered evidence should continue to be treated as confidential information, and, if so, what protection, if any, may be afforded to such information.

5. <u>Client Consultation</u>. Nothing in this Stipulated Protective Order shall prevent or otherwise restrict counsel from rendering advice to their client, and, in the course thereof relying generally on examination of stamped confidential documents.

6. <u>Use</u>. Persons obtaining access to stamped confidential documents under this Stipulated Protective Order shall use the information only for preparation and mediation or arbitration of this litigation, and shall not use this information for any other purpose, including business, governmental, personal, commercial or administrative or judicial proceedings.

7. <u>Non-Termination</u>. The provisions of this Stipulated Protective Order shall not terminate at the conclusion of this action. Within 120 days after final conclusion of all aspects of this litigation, stamped confidential documents and all copies of same (other than exhibits of record) shall be returned to the party or person who produced such documents. All counsel of record shall make certification of compliance herewith and shall deliver the same to

Dowling
Aaron
&Keeler
INCORPORATED
8080 N. Palm Avenue
Third Floor
Fresno, California 93711

3
STIPULATED PROTECTIVE ORDER

1    counsel for the party who produced the documents not more than 150 days after final
2    termination of this litigation.

3            8.    <u>Modification Permitted</u>.  Nothing in this Stipulated Protective Order
4    shall prevent any party or other person from seeking modification of this Stipulated Protective
5    Order or from objecting to discovery that is believed to be otherwise improper.

6            9.    <u>Responsibility of Attorneys</u>.  The attorneys of record are responsible for
7    employing reasonable measures to control, consistent with this Stipulated Protective Order,
8    duplication of, access to, and distribution of copies of stamped confidential documents.  Parties
9    shall not duplicate any stamped confidential document except copies to be used at deposition,
10   mediation or arbitration, and/or investigations.

11           10.    <u>Stipulation Governs</u>.  The Stipulated Protective Order shall be deemed
12   entered as of the date on which counsel have signed below.  The parties agree to treat all
13   confidential documents and information produced herein as if the Stipulated Protective Order
14   had been entered as of the date of which counsel have signed below.

15           SO STIPULATED:

16   Dated:     November 14, 2006.           DOWLING, AARON & KEELER INC.

17

18                                   By: <u>/s/ Benjamin E. Hall</u>
19                                     BENJAMIN E. HALL
                                     Attorneys for Defendant TYBRIN
20                                   CORPORATION

21   Dated:     October 31, 2006.            REHWALD, RAMESON, GLASNER &
                                     CHALEFF
22

23                                     By: <u>/s/ Lawrence M. Glasner</u>
                                       LAWRENCE M. GLASNER
24                                     Attorneys for Plaintiff LARRY TAMAKLO
             SO ORDERED.
25
     Dated:  11/28/2006         <u>/s/ Sandra M. Snyder</u>
26

27                   U.S. MAGISTRATE JUDGE SANDRA M. SNYDER

28


Dowling,
Aaron
& Keeler
INCORPORATED
8080 N. Palm Avenue
Third Floor
Fresno, California 93711

4
STIPULATED PROTECTIVE ORDER

1  Benjamin E. Hall        #219924
   Mark D. Kruthers       #179750
2  Nathan W. Powell       #232516
   **DOWLING, AARON & KEELER, INC.**
3  8080 North Palm Avenue, Third Floor
   P.O. Box 28902
4  Fresno, California 93729-8902
   Tel: (559) 432-4500
5  Fax: (559) 432-4590

6

7  Attorneys for Defendant TYBRIN CORPORATION

8

9                    UNITED STATES DISTRICT COURT

10               EASTERN DISTRICT OF CALIFORNIA

11

12  LARRY TAMAKLO, an individual         Case No. 1:06-CV-00334-AWI-SMS

13                    Plaintiff,          **STIPULATED PROTECTIVE ORDER**

14  v.

15  TYBRIN   CORPORATION,   a   Florida
    corporation,  and  DOES  1  THROUGH  10,
16  inclusive,

17                    Defendant.

18           Plaintiff  LARRY  TAMAKLO  ("Plaintiff")  has  requested  Defendant  TYBRIN

19  CORPORATION  ("Defendant"),  supply  certain  information  and  produce  certain  documents,

20  some  of  which  are  considered  proprietary,  and  some  of  which  divulge  names  and  information

21  about  persons  who  are  not  parties  to  this  action.   Defendant  objects  to  these  requests  on  the

22  following  grounds:  (1)  the  requests  seek  information  which  may  be  confidential,  proprietary  or

23  trade  secret;  and  (2)  the  requests  call  for  information  that  may  be  confidential  or  personal  to

24  other  persons  hired  by  Defendant  and  release  of  this  information  would  constitute  an  invasion

25  of  such  persons'  right  of  privacy.

26           Nevertheless,  Defendant  agrees  to  make  available  the  requested  information  and

27  documents  provided  Plaintiff  first  executes  the  following  Stipulated  Protective  Order.   For  the

28  purpose  of  this  Stipulated  Protective  Order,  the  information  requested  by  Plaintiff  is  hereinafter


Dowling,
Aaron
&Keeler
INCORPORATED
8080 N. Palm Avenue
Third Floor
Fresno, California  93711

PDF created with pdfFactory trial version www.pdffactory.com

referred to as "confidential."

## **STIPULATION**

IT IS HEREBY STIPULATED between the parties, through their respective counsel, as follows:

1.  <u>Nondisclosure of Stamped Confidential Documents</u>.   Except with the prior written consent of Defendants, or as hereinafter provided under this Stipulated Protective Order, no stamped confidential document, or information contained in said documents, may be disclosed, to any person.     Stamping of the legend "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

2.  <u>Permissible Disclosures</u>.     Notwithstanding paragraph number one (above), stamped confidential documents may be disclosed to counsel for the parties in this action who are actively engaged in the conduct of this litigation; to the partners, associates, secretaries, paralegals, assistants, consultants, independent contractor investigators and employees to the extent reasonably necessary to render professional services in the litigation; to persons with prior knowledge of the documents or the confidential information contained therein, and their agents; and to mediators or arbitrators selected by the parties; and to court reporters or persons operating video recording equipment at depositions.  Such documents may also be disclosed:

(a)     To any person designated by a mediator or arbitrator in the interest of justice, upon such terms as the mediator or arbitrator may deem proper; and

(b)     To consultants and experts used by the attorneys in preparation of the case.

3.  <u>Confidential Information in Depositions</u>.  Parties (and deponents) may, within 15 days after receiving a deposition transcript, <u>or</u> three days prior to the commencement of trial, whichever is sooner, designate pages of the transcript, and exhibits thereto, as confidential.  Confidential information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with the

2
STIPULATED PROTECTIVE ORDER

Dowling
Aaron
& Keeler
INCORPORATED
8080 N. Palm Avenue
Third Floor
Fresno, California 93711

legend "confidential."   Until expiration of the above-referenced period, the entire deposition will be treated as subject to protection against disclosure under this Stipulated Protective Order. If no party or deponent timely designates confidential information in a deposition, then none of the transcript or its exhibits will be treated as confidential; if a timely designation is made, the confidential portions and exhibits shall be filed under seal separate from the portions and exhibits not so marked.  If confidential information must be disclosed during the course of a deposition, a party may exclude from the deposition all persons who are not entitled under this Stipulated Protective Order to obtain such information.  The exclusion shall last only so long as confidential information is being disclosed in the deposition.

    4. <u>Confidential Information at Trial</u>.  Subject to the California Evidence Code, stamped confidential documents and other confidential information may be offered in evidence at Trial <u>subject to any objections asserted by the parties</u>.  Any party may move for an order that the evidence be received under conditions to prevent unnecessary disclosure.  The judge will then determine whether the proffered evidence should continue to be treated as confidential information, and, if so, what protection, if any, may be afforded to such information.

    5. <u>Client Consultation</u>.  Nothing in this Stipulated Protective Order shall prevent or otherwise restrict counsel from rendering advice to their client, and, in the course thereof relying generally on examination of stamped confidential documents.

    6. <u>Use</u>.  Persons obtaining access to stamped confidential documents under this Stipulated Protective Order shall use the information only for preparation and mediation or arbitration of this litigation, and shall not use this information for any other purpose, including business, governmental, personal, commercial or administrative or judicial proceedings.

    7. <u>Non-Termination</u>.  The provisions of this Stipulated Protective Order shall not terminate at the conclusion of this action.  Within 120 days after final conclusion of all aspects of this litigation, stamped confidential documents and all copies of same (other than exhibits of record) shall be returned to the party or person who produced such documents.  All counsel of record shall make certification of compliance herewith and shall deliver the same to


Dowling
Aaron &
Keeler
INCORPORATED
8080 N. Palm Avenue
Third Floor
Fresno, California 93711

3

STIPULATED PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com

counsel for the party who produced the documents not more than 150 days after final termination of this litigation.

        8.    <u>Modification Permitted</u>.  Nothing in this Stipulated Protective Order shall prevent any party or other person from seeking modification of this Stipulated Protective Order or from objecting to discovery that is believed to be otherwise improper.

        9.    <u>Responsibility of Attorneys</u>.  The attorneys of record are responsible for employing reasonable measures to control, consistent with this Stipulated Protective Order, duplication of, access to, and distribution of copies of stamped confidential documents.  Parties shall not duplicate any stamped confidential document except copies to be used at deposition, mediation or arbitration, and/or investigations.

        10.    <u>Stipulation Governs</u>.  The Stipulated Protective Order shall be deemed entered as of the date on which counsel have signed below.  The parties agree to treat all confidential documents and information produced herein as if the Stipulated Protective Order had been entered as of the date of which counsel have signed below.

        SO STIPULATED:

Dated:     November 14, 2006.         DOWLING, AARON & KEELER INC.

                                    By: <u>/s/ Benjamin E. Hall</u>
                                       BENJAMIN E. HALL
                                       Attorneys for Defendant TYBRIN
                                       CORPORATION

Dated:     October 31, 2006.         REHWALD, RAMESON, GLASNER &
                                       CHALEFF

                                    By: <u>/s/ Lawrence M. Glasner</u>
                                         LAWRENCE M. GLASNER
                                       Attorneys for Plaintiff LARRY TAMAKLO

        SO ORDERED.

Dated:  11/28/2006        <u>/s/ Sandra M. Snyder</u>

               U.S. MAGISTRATE JUDGE SANDRA M. SNYDER



Dowling
Aaron &
Keeler
INCORPORATED
8080 N. Palm Avenue
Third Floor
Fresno, California  93711

4

STIPULATED PROTECTIVE ORDER

1 | Benjamin E. Hall     #219924
    Mark D. Kruthers    #179750
2 | Nathan W. Powell    #232516
    **DOWLING, AARON & KEELER, INC.**
3 | 8080 North Palm Avenue, Third Floor
    P.O. Box 28902
4 | Fresno, California 93729-8902
    Tel: (559) 432-4500
5 | Fax: (559) 432-4590

7    Attorneys for Defendant TYBRIN CORPORATION

9                UNITED STATES DISTRICT COURT

10            EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY TAMAKLO, an individual | Case No. 1:06-CV-00334-AWI-SMS |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| TYBRIN CORPORATION, a Florida corporation, and DOES 1 THROUGH 10, inclusive, | |
| Defendant. | |

Plaintiff LARRY TAMAKLO ("Plaintiff") has requested Defendant TYBRIN CORPORATION ("Defendant"), supply certain information and produce certain documents, some of which are considered proprietary, and some of which divulge names and information about persons who are not parties to this action. Defendant objects to these requests on the following grounds: (1) the requests seek information which may be confidential, proprietary or trade secret; and (2) the requests call for information that may be confidential or personal to other persons hired by Defendant and release of this information would constitute an invasion of such persons' right of privacy.

Nevertheless, Defendant agrees to make available the requested information and documents provided Plaintiff first executes the following Stipulated Protective Order. For the purpose of this Stipulated Protective Order, the information requested by Plaintiff is hereinafter

Dowling, Aaron & Keeler INCORPORATED
8080 N. Palm Avenue
Third Floor
Fresno, California 93711

PDF created with pdfFactory trial version www.pdffactory.com

referred to as "confidential."

## **STIPULATION**

IT IS HEREBY STIPULATED between the parties, through their respective counsel, as follows:

1.    <u>Nondisclosure of Stamped Confidential Documents</u>.   Except with the prior written consent of Defendants, or as hereinafter provided under this Stipulated Protective Order, no stamped confidential document, or information contained in said documents, may be disclosed, to any person.    Stamping of the legend "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

2.    <u>Permissible Disclosures</u>.    Notwithstanding paragraph number one (above), stamped confidential documents may be disclosed to counsel for the parties in this action who are actively engaged in the conduct of this litigation; to the partners, associates, secretaries, paralegals, assistants, consultants, independent contractor investigators and employees to the extent reasonably necessary to render professional services in the litigation; to persons with prior knowledge of the documents or the confidential information contained therein, and their agents; and to mediators or arbitrators selected by the parties; and to court reporters or persons operating video recording equipment at depositions.  Such documents may also be disclosed:

(a)    To any person designated by a mediator or arbitrator in the interest of justice, upon such terms as the mediator or arbitrator may deem proper; and

(b)    To consultants and experts used by the attorneys in preparation of the case.

3.    <u>Confidential Information in Depositions</u>.  Parties (and deponents) may, within 15 days after receiving a deposition transcript, <u>or</u> three days prior to the commencement of trial, whichever is sooner, designate pages of the transcript, and exhibits thereto, as confidential.  Confidential information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with the

Dowling
Aaron
&Keeler
INCORPORATED
8080 N. Palm Avenue
Third Floor
Fresno, California 93711

2
STIPULATED PROTECTIVE ORDER

legend "confidential."   Until expiration of the above-referenced period, the entire deposition will be treated as subject to protection against disclosure under this Stipulated Protective Order. If no party or deponent timely designates confidential information in a deposition, then none of the transcript or its exhibits will be treated as confidential; if a timely designation is made, the confidential portions and exhibits shall be filed under seal separate from the portions and exhibits not so marked.  If confidential information must be disclosed during the course of a deposition, a party may exclude from the deposition all persons who are not entitled under this Stipulated Protective Order to obtain such information.  The exclusion shall last only so long as confidential information is being disclosed in the deposition.

4.   <u>Confidential Information at Trial</u>.   Subject to the California Evidence Code, stamped confidential documents and other confidential information may be offered in evidence at Trial <u>subject to any objections asserted by the parties</u>.  Any party may move for an order that the evidence be received under conditions to prevent unnecessary disclosure.  The judge will then determine whether the proffered evidence should continue to be treated as confidential information, and, if so, what protection, if any, may be afforded to such information.

5.   <u>Client Consultation</u>.   Nothing in this Stipulated Protective Order shall prevent or otherwise restrict counsel from rendering advice to their client, and, in the course thereof relying generally on examination of stamped confidential documents.

6.   <u>Use</u>.  Persons obtaining access to stamped confidential documents under this Stipulated Protective Order shall use the information only for preparation and mediation or arbitration of this litigation, and shall not use this information for any other purpose, including business, governmental, personal, commercial or administrative or judicial proceedings.

7.   <u>Non-Termination</u>.   The provisions of this Stipulated Protective Order shall not terminate at the conclusion of this action.  Within 120 days after final conclusion of all aspects of this litigation, stamped confidential documents and all copies of same (other than exhibits of record) shall be returned to the party or person who produced such documents.  All counsel of record shall make certification of compliance herewith and shall deliver the same to


Dowling, Aaron & Keeler
INCORPORATED
8080 N. Palm Avenue
Third Floor
Fresno, California 93711

3
STIPULATED PROTECTIVE ORDER

1  counsel for the party who produced the documents not more than 150 days after final

2  termination of this litigation.

3       8.    Modification Permitted.    Nothing in this Stipulated Protective Order

4  shall prevent any party or other person from seeking modification of this Stipulated Protective

5  Order or from objecting to discovery that is believed to be otherwise improper.

6       9.    Responsibility of Attorneys.    The attorneys of record are responsible for

7  employing reasonable measures to control, consistent with this Stipulated Protective Order,

8  duplication of, access to, and distribution of copies of stamped confidential documents.  Parties

9  shall not duplicate any stamped confidential document except copies to be used at deposition,

10  mediation or arbitration, and/or investigations.

11       10.    Stipulation Governs.    The Stipulated Protective Order shall be deemed

12  entered as of the date on which counsel have signed below.   The parties agree to treat all

13  confidential documents and information produced herein as if the Stipulated Protective Order

14  had been entered as of the date of which counsel have signed below.

15       SO STIPULATED:

16  Dated:    November 14, 2006.          DOWLING, AARON & KEELER INC.

17

18                          By: /s/ Benjamin E. Hall
                              BENJAMIN E. HALL
19                            Attorneys for Defendant TYBRIN
                              CORPORATION
20

21  Dated:    October 31, 2006.          REHWALD, RAMESON, GLASNER &
                              CHALEFF
22

23                          By: /s/ Lawrence M. Glasner
                              LAWRENCE M. GLASNER
24                            Attorneys for Plaintiff LARRY TAMAKLO

25       SO ORDERED.

     Dated:  11/28/2006          /s/ Sandra M. Snyder
26

27                  U.S. MAGISTRATE JUDGE SANDRA M. SNYDER

28



PDF created with pdfFactory trial version www.pdffactory.com

1  Benjamin E. Hall        #219924
   Mark D. Kruthers        #179750
2  Nathan W. Powell        #232516
   **DOWLING, AARON & KEELER, INC.**
3  8080 North Palm Avenue, Third Floor
   P.O. Box 28902
4  Fresno, California 93729-8902
   Tel: (559) 432-4500
5  Fax: (559) 432-4590

6

7  Attorneys for Defendant TYBRIN CORPORATION

8

9                    UNITED STATES DISTRICT COURT

10                  EASTERN DISTRICT OF CALIFORNIA

11

12  LARRY TAMAKLO, an individual          Case No. 1:06-CV-00334-AWI-SMS

13                      Plaintiff,        **STIPULATED PROTECTIVE ORDER**

14  v.

15  TYBRIN   CORPORATION,   a   Florida
    corporation,  and  DOES  1  THROUGH  10,
16  inclusive,

17                      Defendant.

18          Plaintiff  LARRY  TAMAKLO  ("Plaintiff")  has  requested  Defendant  TYBRIN

19  CORPORATION ("Defendant"), supply certain information and produce certain documents,

20  some of which are considered proprietary, and some of which divulge names and information

21  about persons who are not parties to this action.  Defendant objects to these requests on the

22  following grounds: (1) the requests seek information which may be confidential, proprietary or

23  trade secret; and (2) the requests call for information that may be confidential or personal to

24  other persons hired by Defendant and release of this information would constitute an invasion

25  of such persons' right of privacy.

26          Nevertheless, Defendant agrees to make available the requested information and

27  documents provided Plaintiff first executes the following Stipulated Protective Order.   For the

28  purpose of this Stipulated Protective Order, the information requested by Plaintiff is hereinafter


Dowling,
Aaron &
Keeler
INCORPORATED
8080 N. Palm Avenue
Third Floor
Fresno, California 93711

PDF created with pdfFactory trial version www.pdffactory.com

referred to as "confidential."

## **STIPULATION**

IT IS HEREBY STIPULATED between the parties, through their respective counsel, as follows:

1.   <u>Nondisclosure of Stamped Confidential Documents</u>.   Except with the prior written consent of Defendants, or as hereinafter provided under this Stipulated Protective Order, no stamped confidential document, or information contained in said documents, may be disclosed, to any person.     Stamping of the legend "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

2.   <u>Permissible Disclosures</u>.     Notwithstanding paragraph number one (above), stamped confidential documents may be disclosed to counsel for the parties in this action who are actively engaged in the conduct of this litigation; to the partners, associates, secretaries, paralegals, assistants, consultants, independent contractor investigators and employees to the extent reasonably necessary to render professional services in the litigation; to persons with prior knowledge of the documents or the confidential information contained therein, and their agents; and to mediators or arbitrators selected by the parties; and to court reporters or persons operating video recording equipment at depositions.   Such documents may also be disclosed:

(a)     To any person designated by a mediator or arbitrator in the interest of justice, upon such terms as the mediator or arbitrator may deem proper; and

(b)     To consultants and experts used by the attorneys in preparation of the case.

3.   <u>Confidential Information in Depositions</u>.   Parties (and deponents) may, within 15 days after receiving a deposition transcript, <u>or</u> three days prior to the commencement of trial, whichever is sooner, designate pages of the transcript, and exhibits thereto, as confidential.   Confidential information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with the

Dowling
Aaron
Keeler
INCORPORATED
8080 N. Palm Avenue
Third Floor
Fresno, California 93711

PDF created with pdfFactory trial version www.pdffactory.com

legend "confidential."   Until expiration of the above-referenced period, the entire deposition will be treated as subject to protection against disclosure under this Stipulated Protective Order. If no party or deponent timely designates confidential information in a deposition, then none of the transcript or its exhibits will be treated as confidential; if a timely designation is made, the confidential portions and exhibits shall be filed under seal separate from the portions and exhibits not so marked.  If confidential information must be disclosed during the course of a deposition, a party may exclude from the deposition all persons who are not entitled under this Stipulated Protective Order to obtain such information.  The exclusion shall last only so long as confidential information is being disclosed in the deposition.

4.      Confidential Information at Trial.  Subject to the California Evidence Code, stamped confidential documents and other confidential information may be offered in evidence at Trial subject to any objections asserted by the parties.  Any party may move for an order that the evidence be received under conditions to prevent unnecessary disclosure.  The judge will then determine whether the proffered evidence should continue to be treated as confidential information, and, if so, what protection, if any, may be afforded to such information.

5.      Client Consultation.  Nothing in this Stipulated Protective Order shall prevent or otherwise restrict counsel from rendering advice to their client, and, in the course thereof relying generally on examination of stamped confidential documents.

6.      Use.  Persons obtaining access to stamped confidential documents under this Stipulated Protective Order shall use the information only for preparation and mediation or arbitration of this litigation, and shall not use this information for any other purpose, including business, governmental, personal, commercial or administrative or judicial proceedings.

7.      Non-Termination.   The provisions of this Stipulated Protective Order shall not terminate at the conclusion of this action.  Within 120 days after final conclusion of all aspects of this litigation, stamped confidential documents and all copies of same (other than exhibits of record) shall be returned to the party or person who produced such documents.  All counsel of record shall make certification of compliance herewith and shall deliver the same to



Dowling
Aaron
Keeler
INCORPORATED
8080 N. Palm Avenue
Third Floor
Fresno, California 93711

3

PDF created with pdfFactory trial version www.pdffactory.com

1 | counsel for the party who produced the documents not more than 150 days after final
2 | termination of this litigation.

3 |     8. <u>Modification Permitted</u>. Nothing in this Stipulated Protective Order
4 | shall prevent any party or other person from seeking modification of this Stipulated Protective
5 | Order or from objecting to discovery that is believed to be otherwise improper.

6 |     9. <u>Responsibility of Attorneys</u>. The attorneys of record are responsible for
7 | employing reasonable measures to control, consistent with this Stipulated Protective Order,
8 | duplication of, access to, and distribution of copies of stamped confidential documents. Parties
9 | shall not duplicate any stamped confidential document except copies to be used at deposition,
10 | mediation or arbitration, and/or investigations.

11 |     10. <u>Stipulation Governs</u>. The Stipulated Protective Order shall be deemed
12 | entered as of the date on which counsel have signed below. The parties agree to treat all
13 | confidential documents and information produced herein as if the Stipulated Protective Order
14 | had been entered as of the date of which counsel have signed below.

15 |     SO STIPULATED:

16 | Dated:    November 14, 2006.    DOWLING, AARON & KEELER INC.

17 |

18 |     By: <u>/s/ Benjamin E. Hall</u>
    BENJAMIN E. HALL
19 |     Attorneys for Defendant TYBRIN
    CORPORATION
20 |

21 | Dated:    October 31, 2006.    REHWALD, RAMESON, GLASNER &
    CHALEFF
22 |

23 |     By: <u>/s/ Lawrence M. Glasner</u>
24 |     LAWRENCE M. GLASNER
    Attorneys for Plaintiff LARRY TAMAKLO
25 |     SO ORDERED.

26 | Dated: 11/28/2006    <u>/s/ Sandra M. Snyder</u>

27 |     U.S. MAGISTRATE JUDGE SANDRA M. SNYDER

28 |


Dowling
Aaron
Keeler
INCORPORATED
8080 N. Palm Avenue
Third Floor
Fresno, California 93711

STIPULATED PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com

1  Benjamin E. Hall     #219924
   Mark D. Kruthers     #179750
2  Nathan W. Powell     #232516
   **DOWLING, AARON & KEELER, INC.**
3  8080 North Palm Avenue, Third Floor
   P.O. Box 28902
4  Fresno, California 93729-8902
   Tel: (559) 432-4500
5  Fax: (559) 432-4590

6

7  Attorneys for Defendant TYBRIN CORPORATION

8

9                 UNITED STATES DISTRICT COURT

10               EASTERN DISTRICT OF CALIFORNIA

11

12  LARRY TAMAKLO, an individual          Case No. 1:06-CV-00334-AWI-SMS

13                    Plaintiff,          **STIPULATED PROTECTIVE ORDER**

14  v.

15  TYBRIN   CORPORATION,   a   Florida
    corporation,  and  DOES  1  THROUGH  10,
16  inclusive,

17                    Defendant.

18         Plaintiff LARRY TAMAKLO ("Plaintiff") has requested Defendant TYBRIN

19  CORPORATION ("Defendant"), supply certain information and produce certain documents,

20  some of which are considered proprietary, and some of which divulge names and information

21  about persons who are not parties to this action.  Defendant objects to these requests on the

22  following grounds: (1) the requests seek information which may be confidential, proprietary or

23  trade secret; and (2) the requests call for information that may be confidential or personal to

24  other persons hired by Defendant and release of this information would constitute an invasion

25  of such persons' right of privacy.

26         Nevertheless, Defendant agrees to make available the requested information and

27  documents provided Plaintiff first executes the following Stipulated Protective Order.   For the

28  purpose of this Stipulated Protective Order, the information requested by Plaintiff is hereinafter



Dowling,
Aaron
Keeler
INCORPORATED
8080 N. Palm Avenue
Third Floor
Fresno, California 93711

STIPULATED PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com

referred to as "confidential."

## **STIPULATION**

IT IS HEREBY STIPULATED between the parties, through their respective counsel, as follows:

1.   <u>Nondisclosure of Stamped Confidential Documents</u>.   Except with the prior written consent of Defendants, or as hereinafter provided under this Stipulated Protective Order, no stamped confidential document, or information contained in said documents, may be disclosed, to any person.   Stamping of the legend "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

2.   <u>Permissible Disclosures</u>.   Notwithstanding paragraph number one (above), stamped confidential documents may be disclosed to counsel for the parties in this action who are actively engaged in the conduct of this litigation; to the partners, associates, secretaries, paralegals, assistants, consultants, independent contractor investigators and employees to the extent reasonably necessary to render professional services in the litigation; to persons with prior knowledge of the documents or the confidential information contained therein, and their agents; and to mediators or arbitrators selected by the parties; and to court reporters or persons operating video recording equipment at depositions.   Such documents may also be disclosed:

(a)   To any person designated by a mediator or arbitrator in the interest of justice, upon such terms as the mediator or arbitrator may deem proper; and

(b)   To consultants and experts used by the attorneys in preparation of the case.

3.   <u>Confidential Information in Depositions</u>.   Parties (and deponents) may, within 15 days after receiving a deposition transcript, <u>or</u> three days prior to the commencement of trial, whichever is sooner, designate pages of the transcript, and exhibits thereto, as confidential.   Confidential information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with the

Dowling
Aaron
Keeler
INCORPORATED
8080 N. Palm Avenue
Third Floor
Fresno, California 93711

2
STIPULATED PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com

legend "confidential."   Until expiration of the above-referenced period, the entire deposition will be treated as subject to protection against disclosure under this Stipulated Protective Order. If no party or deponent timely designates confidential information in a deposition, then none of the transcript or its exhibits will be treated as confidential; if a timely designation is made, the confidential portions and exhibits shall be filed under seal separate from the portions and exhibits not so marked.  If confidential information must be disclosed during the course of a deposition, a party may exclude from the deposition all persons who are not entitled under this Stipulated Protective Order to obtain such information.  The exclusion shall last only so long as confidential information is being disclosed in the deposition.

        4.        <u>Confidential Information at Trial</u>.  Subject to the California Evidence Code, stamped confidential documents and other confidential information may be offered in evidence at Trial <u>subject to any objections asserted by the parties</u>.  Any party may move for an order that the evidence be received under conditions to prevent unnecessary disclosure.  The judge will then determine whether the proffered evidence should continue to be treated as confidential information, and, if so, what protection, if any, may be afforded to such information.

        5.        <u>Client Consultation</u>.  Nothing in this Stipulated Protective Order shall prevent or otherwise restrict counsel from rendering advice to their client, and, in the course thereof relying generally on examination of stamped confidential documents.

        6.        <u>Use</u>.  Persons obtaining access to stamped confidential documents under this Stipulated Protective Order shall use the information only for preparation and mediation or arbitration of this litigation, and shall not use this information for any other purpose, including business, governmental, personal, commercial or administrative or judicial proceedings.

        7.        <u>Non-Termination</u>.   The provisions of this Stipulated Protective Order shall not terminate at the conclusion of this action.  Within 120 days after final conclusion of all aspects of this litigation, stamped confidential documents and all copies of same (other than exhibits of record) shall be returned to the party or person who produced such documents.  All counsel of record shall make certification of compliance herewith and shall deliver the same to


Dowling
Aaron
& Keeler
INCORPORATED
8080 N. Palm Avenue
Third Floor
Fresno, California 93711

3
STIPULATED PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com

1  counsel for the party who produced the documents not more than 150 days after final

2  termination of this litigation.

3          8.      <u>Modification Permitted</u>.   Nothing in this Stipulated Protective Order

4  shall prevent any party or other person from seeking modification of this Stipulated Protective

5  Order or from objecting to discovery that is believed to be otherwise improper.

6          9.      <u>Responsibility of Attorneys</u>.   The attorneys of record are responsible for

7  employing reasonable measures to control, consistent with this Stipulated Protective Order,

8  duplication of, access to, and distribution of copies of stamped confidential documents.  Parties

9  shall not duplicate any stamped confidential document except copies to be used at deposition,

10  mediation or arbitration, and/or investigations.

11          10.     <u>Stipulation Governs</u>.   The Stipulated Protective Order shall be deemed

12  entered as of the date on which counsel have signed below.   The parties agree to treat all

13  confidential documents and information produced herein as if the Stipulated Protective Order

14  had been entered as of the date of which counsel have signed below.

15          SO STIPULATED:

16  Dated:      November 14, 2006.          DOWLING, AARON & KEELER INC.

17

18                                         By: /s/ Benjamin E. Hall
                                               BENJAMIN E. HALL

19                                             Attorneys for Defendant TYBRIN
                                               CORPORATION

20

21  Dated:      October 31, 2006.          REHWALD, RAMESON, GLASNER &
                                           CHALEFF

22

23                                         By: /s/ Lawrence M. Glasner
                                               LAWRENCE M. GLASNER

24                                             Attorneys for Plaintiff LARRY TAMAKLO

          SO ORDERED.

25

    Dated:  11/28/2006          /s/ Sandra M. Snyder

26

27                      U.S. MAGISTRATE JUDGE SANDRA M. SNYDER

28


Dowling
Aaron
& Keeler
INCORPORATED
8080 N. Palm Avenue
Third Floor
Fresno, California  93711

4

STIPULATED PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com